Case 4:16-cv-03162 Document 40 Filed on 07/10/18 in TXSD Page 1 of 9
Case 4:16-cv-03162 Document 39-1 Filed in TXSD on 07/10/18 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> FIVE OAKS ACHIEVEMENT CENTER, LLC d/b/a FIVE OAKS ACHIEVEMENT CENTER; WHISPERING HILLS ACHIEVEMENT CENTER, LLC d/b/a WHISPERING HILLS ACHIEVEMENT CENTER; and NORTH FORK EDUCATIONAL CENTER, LLC d/b/a NORTH FORK EDUCATIONAL CENTER, <br><br> Defendants. | CIVIL ACTION NO. 4:16-cv-3162 |

## CONSENT JUDGMENT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("the Secretary") filed his complaint against Five Oaks Achievement Center, LLC d/b/a Five Oaks Achievement Center ("Five Oaks"), Whispering Hills Achievement Center, LLC d/b/a Whispering Hills Achievement Center ("Whispering Hills"), and North Fork Educational Center, LLC d/b/a North Fork Educational Center ("North Fork") (collectively referred to as "Defendants") to secure an injunction for future compliance and payment of back wages for overtime violations of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA" or "the Act"), and liquidated damages. Back wages are being sought for the inspection periods of January 1, 2013 to December 30, 2014 for Five Oaks and North Fork and from May 18, 2013 to May 17, 2015 for Whispering Hills.

The Secretary alleged that Defendants impermissibly deducted an 8-hour sleep time period from its direct care staff ("DCS") hours worked resulting in overtime violations. The

sleep time deduction was impermissible because Defendants did not provide the DCS with adequate sleeping facilities and the DCS were not allowed an uninterrupted night of at least five hours of sleep. Defendants responded that adequate sleeping facilities were provided and DCS were able to receive five hours of sleep each night; therefore, Defendants were permitted to deduct an 8-hour sleep time deduction for DCS hours worked.

Defendants, without admitting they have violated any provision of the Act, have agreed to the entry of judgment without contest. It is, therefore, upon motion of the Secretary and for cause shown,

ORDERED, ADJUDGED and DECREED that Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by them, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

3. Defendants are enjoined from withholding overtime compensation in the amount of $500,000.00, less income tax and social security deductions, liquidated damages in the amount of $500,000.00, and interest which is due to Defendant's employees named in the attached Exhibit "A" for the following time periods: Five Oaks – January 1, 2013 to December 30, 2014; Whispering Hills – May 18, 2013 to May 17, 2015; and North Fork – January 1, 2013 to December 30, 2014.

To comply with this provision, Defendants shall make payments by cashier's or certified checks or money orders payable to "Wage and Hour Division, U.S. Department of Labor" and must be mailed or delivered to: U.S. Department of Labor, Wage and Hour Division, Southwest Regional Office, Federal Building, 525 S. Griffin Street, Suite 800, Dallas, Texas 75202. Defendants also have the option to pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77705201.

Defendants agree to deliver the payments as set forth below:

    a.     Five Oaks

        1)     Defendants agree that the amount of $519,988.00 is due and payable to fifty-three (53) employees. Interest will be charged on the outstanding amount at the rate of 1%.

        2)     An initial payment of $74,280.29 shall be made upon the final entry of this Consent Judgment.

        3)     Defendants will pay thirty-six (36) consecutive monthly installments in the amount of $12,572.57, which is comprised of both principal and interest. The first installment payment will be due on the first day of the first full month after entry of this

3

Consent Judgment and the remaining installments will be due and payable on or before the same day of each succeeding month for the next consecutive thirty-five (35) months.

    4)  The Secretary shall make the appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions.

  b.  Whispering Hills

    1)  Defendants agree that the amount of $146,881.00 is due and payable to fifteen (15) employees. Interest will be charged on the payment plan amount at the rate of 1%.

    2)  An initial payment of $20,981.95 shall be made upon the final entry of this Consent Judgment.

    3)  Defendants will pay thirty-six (36) consecutive monthly installments in the amount of $3,551.37, which is comprised of both principal and interest. The first installment payment will be due on the first day of the first full month after entry of this Consent Judgment and the remaining installments will be due and payable on or before the same day of each succeeding month for the next consecutive thirty-five (35) months.

    4)  The Secretary shall make the appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions.

  c.  North Fork

    1)  Defendants agree that the amount of $333,131.00 is due and payable to twenty-one (21) employees. Interest will be charged on the payment plan amount at the rate of 1%.

    2)  An initial payment of $47,587.76 shall be made upon the final entry of this Consent Judgment.

4

       3) Defendants will pay thirty-six (36) consecutive monthly installments in the amount of $8,054.63, which is comprised of both principal and interest. The first installment payment will be due on the first day of the first full month after entry of this Consent Judgment and the remaining installments will be due and payable on or before the same day of each succeeding month for the next consecutive thirty-five (35) months.

       4) The Secretary shall make the appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions.

    d. Defendants may submit one lump payment comprised of all three facilities each month, instead of three separate payments as described in paragraphs 3(a) – 3(c) above. Defendants may also prepay the remaining sums due at any time without penalty.

    e. In the event that any of the money cannot be distributed and paid by the Secretary within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States.

    f. In the event of default by Defendants on any of the installment payments described in paragraphs 3(a) – 3(c) above, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

4. The right of Defendants' employees not specifically named in the attached Exhibit A to bring an action under Section 16(b) of the Act, 29 U.S.C. § 216(b), shall be restored and neither the filing of this action nor the entry of this judgment shall bar such action. The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of any employees of Defendants, under the Act covering violations alleged to have occurred after December 30, 2014 for Five Oaks and North Fork and May 17, 2015 for

5

Whispering Hills. If the Secretary of Labor files any additional actions against Defendants, the actions will not include any of the alleged violations as pled in this Complaint for the time period prior to the final entry of this Consent Judgment.

5. Defendants represent that as of the entry of this Consent Judgment, all three facilities – Five Oaks, Whispering Hills, and North Fork – no longer deduct an 8-hour sleep time deduction from its DCS hours worked.

6. Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 10th day of July, 2018

UNITED STATES DISTRICT JUDGE

Respectfully Submitted,

Respectfully Submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

STEPHEN STAPLETON
Texas Bar No. 19059300
Cowles & Thompson, PC
901 Main Street, Suite 3900
Dallas TX 75202
Telephone: (214) 672-2109
Facsimile: (214) 672-2309
Email: sstapleton@cowlesthompson.com

MICHAEL D. SCHOEN
Senior Trial Attorney
Texas Bar No. 00789610
Email: schoen.michael@dol.gov

CHRISTOPHER D. LOPEZ-LOFTIS
Trial Attorney
Texas Bar No. 24086924
Email: lopez.christopher.d@dol.gov

6

*[signature]*

KRISTINA T. HARRELL
Trial Attorney-in-Charge
Email: harrell,Kristina@dol.gov

U.S. Department of Labor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101

Dated: July 9, 2018

Attorneys for Defendants.

Dated: July 9, 2018

Attorneys for Plaintiff.

7

## EXHIBIT A – Amended

1. Bruce Alexander
2. Carl Baker
3. Freeman Barrett
4. Karen Bays
5. Jonathan Brady
6. Desmond Brigham
7. Wilbert Brigham
8. Josh Boyd
9. Byron Brown
10. Ernest Brown
11. Tennie Brown
12. Tamaria Castilow
13. Bryson Clark
14. Colin Collins
15. Aaron Curry
16. Devery Davis
17. Sherri Diggs
18. Domiano English
19. Justin Ficklin
20. Bernard Ford
21. Percy Forman
22. Thomas Foster
23. Daniel Gann
24. Clarissa Gantt
25. Reginald Gilmon
26. Robert Goins
27. Doral Gray
28. Julian Gray
29. DeAndre Green
30. Valencia Greene
31. Porsche Griffin
32. DeMonesha Harris
33. Wilson Hart
34. Joy Hays
35. Prince Hickman
36. Justin Hubert
37. Clifton Humphrey
38. Irene Ijomah
39. Frank Jackson
40. Leroy Jackson
41. Jeremy Johnson
42. Tom Johnson
43. Tom Johnson
44. Anthony Jones

45. Deborah Jones
46. Blaze Kunkel
47. Heath Lay
48. Gordfon Leung-Lo-Hing
49. Charles Lightfoot
50. Burquitta Livingston
51. Angie B. Lopez
52. Osayuki Lyawe
53. Kathleen Malota
54. Jason Manross
55. Christopher Marchiniak
56. Natasha Mathis
57. Lemarquel McGill
58. Thomas McNatt
59. Erwin Michael
60. Pamela Morgan
61. Nicholas Mernan
62. Charles Murphy
63. Ikedichi Onokala
64. Meka Patterson
65. Delbert Parks
66. Chris Pinson
67. Mary Preston
68. Joseph Quintero
69. Ashley Ragston
70. Jermon Randolph
71. Crystal Robertson
72. Quinton Robinson
73. Shanedra Robinson
74. Kirby Rubin
75. Crystal Sims
76. Michael Slaton
77. Robert Smith
78. Charles Taylor
79. Dae'Shaun Thomas
80. Jammette Thompson
81. Sharon Thompson
82. Aldryan Wardell
83. Felicia Watson
84. Merletric Wheeler
85. Keenan Whitaker
86. Kendrick Whitaker
87. Gloria Williams
88. Tresha Williams